AVCO DELTA CORP. OF OHIO, APPELLEE, v. WALKER, APPELLANT.

[Cite as Avco Delta Corp. v. Walker (1969), 22 Ohio App. 2d 61.]

(No. 9503—Decided December 9, 1969.)

*Mr. Robert A. Wilcox* and *Mr. Jacob A. Schlosser,* for appellee.
*Messrs. Buchanan & Fuller,* for appellant.

LEACH, J. This is an appeal from an order of the Common Pleas Court of Franklin County striking defendant-appellant's amended counterclaim from the files, and retaining the case for trial only on the issues made by the petition and the amended answer. No issue has been raised as to the appealability of such order, and thus we are assuming for the purpose of this decision that such order is appealable, without expressing any opinion as to such question.

In essence this case involves the question whether, while an action on a cognovit note filed by plaintiff against defendant is still pending, defendant may counterclaim asserting an action for damages against plaintiff for having taken cognovit judgment on such note, and, after giving statutory notice, having issued a "pro-in-aid attachment" on defendant's wages, thus allegedly causing defendant "embarrassment with her employer and her creditors" and thus having "slandered her credit and her reputation."

On the basis of a tendered answer and counterclaim alleging that the note was obtained by "reason of false representations made to her" by plaintiff "through its agents," and by agreement of counsel, the original judgment granted on the cognovit note was vacated by the Franklin County Municipal Court, which also then dismissed the "pro-in-aid," ordered the tendered answer and counterclaim filed, and then, ultimately, certified the case to the Common Pleas Court on the basis that the prayer of the counterclaim ($25,000) exceeded the monetary jurisdiction of the Municipal Court.

In the Common Pleas Court a demurrer was then sustained to the counterclaim on the basis that it was an attempt "to state a cause of action for malicious prosecution predicated upon the instant action," and that an "action for malicious prosecution cannot be maintained until the action complained of is terminated." Here, it should be noted that the essential allegations of the counterclaim, like those of the answer, are based on the allegation of "false representation" in securing the note.

After the sustaining of the demurrer, an amended answer and counterclaim was filed, which made no essential changes in the claim being made, and, upon the order of the court striking such amended counterclaim, appeal was then taken to this court. We affirm.

In considering this case, we start with the fundamental proposition that in an action for malicious prosecution the person seeking recovery must allege and prove the termination of the proceedings giving rise to such an action and ordinarily must also allege and prove that such proceedings have terminated in favor of the party bringing the action for malicious prosecution. 35 Ohio Jurisprudence 2d 122, 133, 134.

Here, by way of counterclaim, defendant seeks damages for injury to credit and reputation allegedly resulting from the actions taken by plaintiff to obtain judgment on the cognovit note and to effectuate its collection. Essentially, it is alleged that such action was done "maliciously and willfully" on the basis of claims that plaintiff had ob-

tained such note by means of "false representations." The action by plaintiffs to obtain judgment on the cognovit note is pending in court, and to the petition seeking recovery defendant defends on the basis of this same allegation of "false representations."

Thus, if the counterclaim be an action for malicious prosecution, it follows that plaintiff must first fail on the merits of its suit on the cognovit note before any action for malicious prosecution could possibly arise in favor of defendant.

Counsel for defendant, however, assert that this is not an action for malicious prosecution but instead is an action for "abuse of process." Cited in support of this claim is certain language contained in Prosser, Law of Torts, 3rd Ed., 876, to the effect that "abuse of process" differs from "malicious prosecution" and that "in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause."

Defendant asserts that in Ohio there is no basic difference between malicious prosecution and abuse of process, citing a statement to that effect in the opinion of the Court of Appeals for Hamilton County in *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451, 454.

Apparently this statement is based upon an interpretation of the language of paragraph one of the syllabus in *Crow* v. *Sims* (1913), 88 Ohio St. 214, reading:

"A suit for damages for causing an attachment to issue as auxiliary to a civil action for debt is no exception to the general rule that in all actions at common law for malicious prosecution or for the abuse of the processes of the court, malice and want of probable cause must be alleged and proven."

Since, however, *Crow* contains no particular discussion as to the difference between malicious prosecution and abuse of process, we do not desire to base our affirmance on such a holding.

At common law the tort of "abuse of process" did exist. It differed from malicious prosecution. However, it also differed from the tort called "malicious use of process," which actually is but one type or classification of malicious prosecution. 1 American Jurisprudence 2d 250 *et seq.*; 72 Corpus Juris Secundum 1187 *et seq.*; 14 A. L. R. 2d 267, 322; Prosser, *supra*, 870-875.

The action of malicious prosecution began as a remedy for unjustifiable *criminal* proceedings, and in England it has never been extended to unjustifiable *civil* proceedings. A majority of the American courts, however, including Ohio, permit its use on the basis of unjustifiable civil proceedings to a limited degree. Mere proof of lack of probable cause to institute civil suit is not sufficient to support an action for malicious prosecution. Something more must be shown.

In Ohio, it is established that as a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property. *Cincinnati Daily Tribune Co.* v. *Bruck* (1900), 61 Ohio St. 489; *Perry* v. *Arsham* (1956), 101 Ohio App. 285; *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451.

Assuming that the allegations of the counterclaim relative to the "pro-in-aid attachment" of defendant's wages would constitute a "malicious use of process" (malicious prosecution), it appears clear from an examination of the applicable law that these allegations do not state a cause of action in "abuse of process."

The basic distinction between the two is well summarized in 1 American Jurisprudence 2d 250, Section 2, as follows:

"While some cases have confounded the action for abuse of process with the action for malicious prosecution, the two are essentially different and independent. An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued. Thus it is said in substance that the distinction between the two

is that malicious use of process is the employment of process for its ostensible purpose, but without reasonable or probable cause, whereas the malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.

"Where the matter complained of concerns the issuance of process, the action is either strictly or by analogy one of malicious prosecution. In this category are included actions for the malicious institution of criminal proceedings, the wrongful and malicious procurement of attachment or other process of seizure, and the institution of bankruptcy proceedings. In such cases, malice and want of probable cause in procuring issuance of the process, as well as a termination favorable to the plaintiff, are essential to the maintenance of the action. But where the thing complained of is not that issuance of the process was wrongfully procured, but that, having been issued, it was wilfully perverted, so as to accomplish a result not commanded by it or lawfully obtainable under it, the action is one for abuse of process."

Here the matter complained of in the counterclaim concerns an alleged malicious *issuance* of process. It does not concern the improper use of process after it has been issued. Thus, "malice and want of probable cause in procuring issuance of the process, *as well as a termination favorable to the plaintiff* are essential to the maintenance of the action." Here there has been no such termination.

*Judgment affirmed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.