PUBLISH

UNITED STATES COURT OF APPEALS
Filed 3/13/96            TENTH CIRCUIT

TERESA WOLFORD,                          )
                                         )
        Plaintiff/Appellant,             )
                                         )
    v.                                   )      No. 95-2097
                                         )
ROGER LASATER, in his individual         )
and official capacity, LYNN IZATT,       )
in his individual capacity, SAN JUAN     )
COUNTY SHERIFF'S DEPARTMENT,             )
BOARD OF COUNTY COMMISSIONERS,           )
SAN JUAN COUNTY,                         )
                                         )
        Defendants-Appellees.            )

Appeal from United States District Court
for the District of New Mexico
(D.C. No. CIV-93-1026-SC)

Stephen T. LeCuyer, of Mettler & LeCuyer, P.C., of Corrales, New Mexico, for the
appellant.

Ronald J. Childress, of Klecan, Childress & Huling, (Elaine R. Dailey, of Klecan,
Childress & Huling, with him on the brief) of Albuquerque, New Mexico, for the
appellees.

Before PORFILIO, HENRY, and BRISCOE, Circuit Judges.

BRISCOE, Circuit Judge.

    Plaintiff Teresa Wolford filed this 42 U.S.C. § 1983 action claiming that defendants,

the sheriff and a deputy sheriff of San Juan County, New Mexico, violated her constitutional rights by bringing criminal charges against her, which were politically motivated, without probable cause, and in retaliation for giving notice to defendants of potential tort claims. Plaintiff's complaint also contained state law claims against defendants for malicious prosecution, false arrest, and abuse of process. Plaintiff appeals the district court's order granting defendants' motion to dismiss and/or for summary judgment. We affirm.

I. Background.

Plaintiff began working as a secretary for Conn Brown, the Sheriff of San Juan County, in January 1989. Plaintiff alleges that, as part of her duties, she helped maintain the confidential informant fund (CI fund), a cash fund of approximately $3,000 used by the sheriff's department for official purposes. On occasion, plaintiff would officially request money from San Juan County to replenish the fund, would cash the checks, and would place the cash in a safe in the sheriff's department.

Brown was defeated by defendant Roger Lasater in the November 1990 election. Plaintiff's employment terminated on December 30, 1990, the last day of Brown's administration. In a closing audit prior to her termination, plaintiff reported she had distributed several thousand dollars to deputies during the last six months of Brown's administration to pay confidential informants, leaving no cash in the CI fund for the next administration.

In the spring of 1991, at the behest of defendant Lasater, defendant Lynn Izatt and another detective in the sheriff's department began an investigation into the alleged

2

disappearance of cash from the CI fund. This investigation raised questions concerning plaintiff's handling of the CI fund. Plaintiff acknowledged that, in August 1990, she signed Brown's name to a check from San Juan County in the amount of $2,100 to replenish the CI fund. Brown signed an affidavit at the issuing bank attesting that he did not sign the check or authorize anyone else to sign it, and that his signature was a forgery. The receipt book maintained for the CI fund, which had been produced by plaintiff at the closing audit in December 1990, could not be found. Plaintiff could not recall the names of any of the deputies to whom she distributed the funds, except for defendant Izatt, who acknowledged receiving $250, and Undersheriff Jim Neilson, who acknowledged receiving up to $800 over the entire course of the Brown administration.

Plaintiff was charged with the crimes of forgery and embezzlement. The charges were dismissed for lack of probable cause by a magistrate judge at a preliminary hearing. Plaintiff gave notice to defendant Lasater under the New Mexico Tort Claims Act, alleging that her "arrest and prosecution was without probable cause and was pursued out of improper political motivation." Information concerning the alleged forgery and embezzlement was presented to a grand jury, which returned an indictment against plaintiff for the same two crimes. Following a jury trial, plaintiff was acquitted on both charges.

On August 27, 1993, plaintiff filed this action under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act against Lasater, Izatt, and the Board of County Commissioners of San Juan County. In her complaint, plaintiff asserted a variety of constitutional and tort claims, all based upon allegations that she had been unconstitutionally and tortiously arrested and prosecuted for allegedly embezzling county funds and for forging Brown's

3

signature.

The district court granted defendants' motion for summary judgment. The court examined the affidavit filed in support of plaintiff's arrest warrant, and held that "[t]he facts that were presented to the magistrate demonstrated a substantial probability that the crimes of forgery and embezzlement were committed by Plaintiff." Appellant's append. 1 at 221. As for allegedly exculpatory facts cited by plaintiff that were absent from the affidavit, the court concluded that none were "directly exculpatory," and further that these facts, considered together, "would not have vitiated probable cause for the arrest warrant." Appellant's append. l at 224.

As for the grand jury testimony that resulted in the indictment filed against plaintiff, the district court concluded that defendant Izatt gave false and embellished testimony to the grand jury, but nevertheless held that "[n]one of these untruths and embellishments [we]re material to the grand jury's probable cause determination." Appellant's append. 1 at 225. Instead, the court concluded plaintiff's admission to signing Brown's name to the check without his approval, combined with the fact that money was missing from the CI fund, were sufficient to support the probable cause determination. Appellant's append. 1 at 226. According to the district court, "[t]hese facts [we]re the essence of the two charges of forgery and embezzlement." Appellant's append. 1 at 226.

Based upon these findings, the district court dismissed plaintiff's Fourth Amendment related claims (i.e., that she was arrested and prosecuted without probable cause). Appellant's append. 1 at 226. The court rejected plaintiff's "political retaliation" claims (counts I and II) on the grounds that plaintiff had failed to present any evidence of retaliatory motive on the part of defendants. Appellant's append. 1 at 227-28. The court

4

rejected plaintiff's "free speech" and "access to the courts" claims (count III) on the grounds that plaintiff had failed to demonstrate "either that the decision to seek the grand jury indictment was substantially caused by the Defendants, or that the reason for Defendants' exertion of influence on the D.A. was the tort claims notice." Appellant's append. 1 at 230-31. The court rejected all of plaintiff's state law tort claims (i.e., malicious prosecution, false arrest, and abuse of process), noting that probable cause existed for plaintiff's arrest and prosecution, and further noting there was "simply no evidence of the use of a legal process which would not be proper in the regular prosecution of the charges against Plaintiff." Appellant's append. 1 at 232-33.

## II. Discussion

The single, broad issue raised by plaintiff on appeal is "[w]hether the District Court erred in granting summary judgment upon [each of her] claims." Appellant's br. at 1. We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co. of America, 50 F.3d 793, 796 (10th Cir. 1995). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991), but the court "must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Investments, Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

A. Plaintiff's 42 U.S.C. § 1983 claims

In her complaint, plaintiff asserted a variety of § 1983 claims, including claims under the First Amendment (counts I, II, and III), the Fourth Amendment (count IV), and the Fourteenth Amendment (count V). In her claims under the First Amendment, plaintiff alleged that defendants wrongfully filed charges against her and arrested her to: (1) retaliate against her for politically supporting Brown (count I); (2) gain political advantage against Brown (count II); and (3) retaliate against her for filing a notice of tort claim and attempting to seek access to the courts (count III). In her claims under the Fourth and Fourteenth Amendments, plaintiff alleged that defendants caused her "to be charged with and indicted for embezzlement and forgery, and arrested for those crimes, without probable cause to believe that Plaintiff had committed the crimes." Appellant's append. 1 at 14.

We focus first on plaintiff's First Amendment claims. Generally speaking, government action which chills constitutionally protected speech or expression contravenes the First Amendment. Riley v. National Federation of the Blind of North Carolina, 487 U.S. 781, 794 (1988); Gehl Group v. Koby, 63 F.3d 1528, 1534 (10th Cir. 1995). In the context of a government prosecution, a decision to prosecute which is motivated by a desire to discourage protected speech or expression violates the First Amendment and is actionable under § 1983. See Gehl, 63 F.3d at 1534-35. Although the essential elements of such a § 1983 action have not been clearly defined, the Seventh Circuit has suggested that the key question in such an action is whether retaliation for the exercise of First Amendment rights was the "cause" of the prosecution and the accompanying injuries to plaintiff. Rakovich v. Wade, 850 F.2d 1180, 1189 (7th Cir.),

cert. denied, 488 U.S. 968 (1988). In addition, the Seventh Circuit has held that the plaintiff in such an action carries the burden of establishing "that the substantial or motivating factor [in the prosecution] was retaliation." Id. Similarly, in Gehl, we recently held that in a vindictive prosecution action, "the ultimate inquiry is whether 'as a practical matter there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for the hostility or punitive animus towards the [claimant] because he exercised his specific legal rights." 63 F.3d at 1534, n. 6 (quoting United States v. Raymer, 941 F.2d 1031, 1040 (10th Cir. 1991)).

In this case, the district court concluded that plaintiff had "presented no evidence of retaliatory motive on the part of either Lasater or Izatt." Appellant's append. 1 at 227. More specifically, the court concluded there was not sufficient evidence to raise an inference that the actions taken against plaintiff by defendants were substantially motivated by politics or by plaintiff's filing of a tort claim notice. Appellant's append.1 at 228, 230-31. Based upon a review of the record on appeal, we agree and affirm the dismissal of plaintiff's First Amendment claims.

We turn to plaintiff's claim of malicious prosecution under the Fourth Amendment. It is generally accepted that the common law of torts is the starting point for determining the contours of a malicious prosecution claim under § 1983. Heck v. Humphrey, 114 S.Ct. 2364, 2370-71 (1994). Under New Mexico state tort law, lack of probable cause to initiate criminal proceedings is an essential element of the tort of malicious prosecution, Zamora v. Creamland Dairies, 747 P.2d 923, 927 (N.M. App. 1987), and is the element upon which the district court focused in granting summary judgment for defendants. Probable cause for an arrest warrant is established by demonstrating a substantial

7

probability that a crime has been committed and that a specific individual committed the crime. Fed.R.Crim.P. 4; <u>Wong Sun v. United States</u>, 371 U.S. 471, 481 n. 9 (1963) (noting that the requirements of Rule 4 derive from the Fourth Amendment).

It is a violation of the Fourth Amendment for an arrest warrant affiant to "knowingly, or with reckless disregard for the truth," include false statements in the affidavit, <u>Franks v. Delaware</u>, 438 U.S. 154, 155-56 (1978), or to knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause, <u>Stewart v. Donges</u>, 915 F.2d 572, 581-83 (10th Cir. 1990). Where false statements have been included in an arrest warrant affidavit, the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit. <u>Franks</u>, 438 U.S. at 155-56. In a case involving information omitted from an affidavit, the existence of probable cause is determined "by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant." <u>Stewart</u>, 915 F.2d at 582, n. 13.

Applying these principles in this case, we agree with the district court that the allegedly exculpatory facts cited by plaintiff, considered either alone or together, "would not have vitiated probable cause for the arrest warrant." Appellant's append. 1 at 224. In particular, we note that the affidavit filed in support of the arrest warrant included sufficient facts to demonstrate a substantial probability that plaintiff committed the crime of forgery by signing Brown's name to a San Juan County check without his authorization and with intent to defraud San Juan County and by presenting the signed check to a bank for payment. See <u>State v. Ruffins</u>, 789 P.2d 616, 618 (N.M. 1990) (discussing essential elements of crime of forgery under New Mexico state law); <u>State v. Saavedra</u>, 599 P.2d

8

395, 397 (N.M. App. 1979) (same). Likewise, the affidavit included sufficient facts to demonstrate a substantial probability that plaintiff committed the crime of embezzlement. Specifically, the affidavit indicated that: (1) plaintiff was entrusted with administering the CI fund; (2) she converted cash from the CI fund to her own use; and (3) she did so with the intent to deprive the Sheriff's Office of the cash. See State v. Green, 861 P.2d 954, 957 (N.M. 1993) (discussing elements of crime of embezzlement under New Mexico state law).

With respect to the indictment returned against plaintiff, we agree with the district court that the false and embellished testimony provided by defendant Izatt to the grand jury was not material to the grand jury's probable cause determination. More specifically, we agree that the unchallenged information presented to the grand jury was sufficient to demonstrate a substantial possibility that plaintiff committed the crimes of forgery and embezzlement. We affirm the district court's dismissal of plaintiff's Fourth Amendment claim of malicious prosecution.

Finally, we turn to plaintiff's claim of malicious prosecution under the Fourteenth Amendment. In Albright v. Oliver, 114 S.Ct. 807 (1994), which was issued after plaintiff's complaint was filed in this case, the Supreme Court held that malicious criminal prosecution, if actionable in constitutional law, should be governed by the Fourth Amendment rather than the more generalized substantive due process analysis under the Fourteenth Amendment. Id. at 812. Accordingly, count V of plaintiff's complaint, which alleges that defendants violated plaintiff's substantive due process rights under the Fourteenth Amendment by "investigat[ing], charging, arrest[ing], and indict[ing]" her on forgery and embezzlement charges (Appellant's append. 1 at 15) is simply not viable and

9

was properly dismissed.

B. Plaintiff's state law tort claims

We briefly review plaintiff's pendent state law tort claims. With respect to plaintiff's malicious prosecution and false arrest claims, we conclude the district court properly granted summary judgment to defendants on the grounds that probable cause existed for the arrest warrant and for the grand jury indictment. See Zamora, 747 P.2d at 927.

As for plaintiff's abuse of process claim, we note that the exact contours of this claim, as described by plaintiff, are less than clear. In her complaint, plaintiff did not specifically describe the basis for this claim, but simply incorporated by reference all of the alleged wrongful conduct of defendants described at the beginning of her complaint. Although this is obviously sufficient for purposes of notice pleading, plaintiff has failed to offer a more detailed explanation of this claim in her response to defendants' summary judgment motion or in her appellate filings.

Objectively reviewing plaintiff's allegations, it is apparent she is challenging the entirety of defendants' conduct, not just specific portions. More specifically, plaintiff is essentially claiming the criminal charges filed against her by the prosecutor, as well as the indictment returned by the grand jury, had no basis and should not have been brought. Although plaintiff has attempted to characterize this claim as an abuse of process, we conclude the claim is more appropriately characterized as one for malicious prosecution. In Westland Development Co. v. Romero, 871 P.2d 388 (N.M. App. 1994), the court distinguished between abuse of process and malicious prosecution, and noted that "'the

10

latter [malicious prosecution] is concerned with maliciously causing process to issue, while the former [abuse of process] is concerned with the improper use of process after it has been issued.'" Id. at 389 (quoting Avco Delta Corp. v. Walker, 258 N.E.2d 254, 257 (Ohio App. 1969)); see also Simon v. Navon, 71 F. 3d 9, 15 (1st Cir. 1995) (discussing differences between malicious prosecution and abuse of process). Here, plaintiff is alleging malicious use of process, which "is the employment of process for its ostensible purpose, but without reasonable or probable cause," and is merely a type of malicious prosecution. Westland, 871 P.2d at 389. Even assuming, for purposes of argument, that plaintiff has stated a cause of action for abuse of process, we conclude it was properly dismissed. As noted in our discussion of plaintiff's First Amendment claims, we agree with the district court that plaintiff has "presented no evidence of retaliatory motive on the part of either Lasater or Izatt." Appellant's append. 1 at 227. Accordingly, plaintiff cannot satisfy all of the elements of an abuse of process claim under New Mexico law. Westland, 871 P.2d at 389 (holding that one of the essential elements of an abuse of process claim is the existence of an ulterior motive).

III. Conclusion

For the reasons set forth above, the decision of the district court granting summary judgment in favor of defendants is AFFIRMED.