**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENCIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FERNANDO SOTO-GARCIA,

    Defendant - Appellant.

No. 98-4187

(D.C. No. 97-CR-203-01-B)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Defendant-Appellant Fernando Soto-Garcia appeals the denial of his motion to suppress. The evidence in question was seized from his residence in Salt Lake City, Utah, in a search executed pursuant to a warrant issued by a Utah state court judge. After the United States District Court for the District of Utah denied his motion to suppress, Defendant pleaded guilty to one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 140 months' imprisonment. His plea was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conditional, preserving his right to appeal the district court's ruling on the motion to suppress. We exercise jurisdiction under 28 U.S.C. § 1291.

On June 16, 1997, a Salt Lake County Sheriff's Office detective subscribed and swore to an affidavit in support of a search and seizure warrant before the Utah judge. In the affidavit, the detective described how a confidential informant had contacted him during the preceding two days with information about a "large narcotics ring" operating in Salt Lake City, Utah. Appellee's Br., Ex. A at 3 (Affidavit). The detective had never worked with this particular informant before, but in the affidavit he testified that the informant

> has been involved in narcotics distribution in the past, and is very knowledgeable in all areas of pricing, packaging, and effects of narcotics distribution and use. [The informant] has given information to law enforcement officers numerous times in the past. On each and every occasion, the information provided . . . [was] found to be truthful and accurate . . . [and] resulted in the recovery of large amounts of narcotics and numerous arrests. One of these cases has been successfully adjudicated, and the others are currently pending in District Court.

Id.

The affidavit relates the informant's description to the detective of an individual named Fernando: "a male Hispanic, approximately 37 yrs. old, 5'06", 170 lbs., with dark hair, a dark mustache, with a possible last name of 'Garcia'" who "drives a [sic] early 1980's two tone gray, full size Chevrolet van, Utah license #515KFK." Id. The informant told the detective that Fernando "is a

known narcotics distributor . . . recently making arrangements to distribute the narcotics presently stored in the house [sought to be searched]." Id. In the affidavit, the detective reported that the informant had been inside the residence and had seen "large quantities of marijuana and methamphetamine, estimated to be numerous pounds of both drugs[,] . . . scales for weighing narcotics, and packaging materials to re-package large quantities into smaller quantities for sale." Id. Vouching for the credibility of the informant, the detective asserted that the informant

> has never been untruthful, and would have no reason to lie to your affiant. All information that has been provided by the [informant] has been corroborated through independent investigation, and found to be truthful and accurate. The [informant] came forward with this information out of a desire to assist law enforcement.

Id.

The detective then described the steps he took to corroborate the informant's communication. The detective "drove past the residence" with the informant who "pointed out the location sought to be searched." Id. The detective also conducted a surveillance of the subject residence during which he "saw a male matching the description of Fernando standing in front of the house. . . . Fernando entered and exited the residence several times. Fernando was also seen standing next to the gray Chevrolet van described by the [informant]." Id. at 3-4.

-3-

In an attempt to corroborate the information provided by the informant indirectly, the detective stated that he had checked with "Sheriff's Department sources" (sources later identified as tax files) and discovered that the residence he sought to search was "owned by an individual named L. Gallardo." Id. at 4. The detective suggested the individual was the subject of "a current outstanding warrant for Luis Gallardo, 08/25/77, for possession with intent to distribute a controlled substance." Id. at 4. Further, the detective reported that he had located jail booking information on a "Fernando Aragon Garcia (S.O. #184476) . . . [who] closely matches the description of Fernando as given by the [informant], and has prior arrests for possession of drugs and paraphernalia." Id.

At that point in the affidavit, the detective asserted that "[b]ased on the above information, I feel that large quantities of narcotics are being stored at and sold from the residence sought to be searched." Id. The detective maintained that the "information received from the confidential informant [was] reliable because: At no time during or after the controlled buy was the [informant] in custody." Id.

Based on the detective's affidavit, the Utah judge issued a warrant to search the house that was Defendant's residence. Police officers executed the warrant the same day. Their search turned up approximately sixteen pounds of marijuana, one-half pound of methamphetamine, and approximately $17,000 in cash. Shortly after the seizure, police officers arrested Defendant and took him

-4-

into custody.

After he was indicted by a grand jury in federal court, Defendant challenged certain affidavit statements as intentionally false and misleading and requested an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154, 171 (1978). Franks mandates a hearing when a defendant brings allegations, accompanied by an offer of proof, that the affidavit supporting the search warrant contained statements that were false or made with a reckless disregard for the truth. See id. The district court granted the request for a Franks hearing and referred the matter to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge conducted an evidentiary hearing and in his report and recommendations found, inter alia, that the statement referring to a controlled buy was "misleading and false" and that the detective was "reckless and provided misleading statements" regarding his tax files search on the subject residence. R., Vol. I, Doc. 90 at 15-16 (Report and Recommendation). He therefore recommended that the statements referring to the controlled buy by the cooperating informant and information concerning Luis Gallardo and Leop Gallardo be excluded from the affidavit. See id.[1] However, the magistrate judge then found that the information included in the affidavit asserting that the

---

[1]Statements regarding the jail booking information of Fernando Garcia were not challenged by Defendant or redacted by the magistrate judge.

confidential informant was actually inside the residence and that he actually saw large quantities of marijuana and methamphetamine was credible. See id. at 16. Further, the magistrate judge concluded that information regarding the "informant's experience and ability to recognize drugs is also credible and should remain in the affidavit." Id. After redacting two of the forty-nine instances of allegedly false and misleading statements claimed in Defendant's motion to suppress, the magistrate judge determined that the remaining portion of the affidavit presented evidence sufficient to establish probable cause and justify the warrant. The district court ordered the two redactions recommended by the magistrate judge, reaffirmed his finding that the information provided by the detective's informant was credible and reliable, adopted his report and recommendation in its entirety, and denied Defendant's motion to suppress. See R., Vol. I, Doc. 93 at 2 (Order Adopting Report and Recommendation).

In this appeal, Defendant essentially claims (1) that the district court did not redact a sufficient amount of false and misleading information from the detective's affidavit, and (2) that the district court erred in concluding that the remaining portion of the affidavit presented facts sufficient to establish probable cause. We review the district court's factual findings when ruling on a motion to suppress for clear error. See United States v. Kennedy, 131 F.3d 1371, 1375 (10th Cir. 1997), cert. denied, 525 U.S. 863 (1998). We review a district court's

determination of reasonableness under the Fourth Amendment de novo. Id. When reviewing the reasonableness of a warrant, we "determine 'whether the issuing [judge] . . . had a "substantial basis" for finding probable cause,'" and we give "'great deference' to the issuing . . . judge's decision." Id. (quoting United States v. Cusumano, 83 F.3d 1247, 1250 (10th Cir. 1996) (en banc)).

Our first issue on review is whether the district court erred when it declined to redact additional statements from the detective's affidavit following Defendant's objections to the magistrate judge's recommendations. In his brief, Defendant repeats the claims presented to the district court that the detective's affidavit contains over forty-nine statements that were false or made with reckless disregard for the truth. The government's brief concedes that the district court correctly redacted from the affidavit the two statements regarding the controlled buy and the arrest warrant for Luis Gallardo, but it argues that Defendant's forty-seven remaining challenges either are not misrepresentations or are not material to probable cause.

Defendant's forty-seven pending claims can be grouped into two categories. One category includes claims that the detective misled the court by asserting the complete credibility of an informant he did not know very well and with whom he had never previously worked. The other category involves statements that allegedly gave the impression that the detective had corroborated all of the

-7-

information provided by the informant when, in fact, he had corroborated only a part.

As to the first category of statements, Defendant contends that because the detective had never worked with this informant before he could not assert that the informant was "very knowledgeable in all areas of pricing, packaging, and effects of narcotics distribution and use," that the informant "would have no reason to lie," or that the informant "came forward with this information out of a desire to assist law enforcement." Appellee's Br., Ex. A at 3 (Affidavit). In support of this argument, Defendant also points to the fact that the informant was paid for his information. He argues that by leaving this fact out of the affidavit the detective "knowingly or recklessly omit[ted] from the affidavit information which, if included, would have vitiated probable cause." Wolford v. Lasater, 78 F.3d 484, 489 (10th Cir. 1996) (citing Stewart v. Donges, 915 F.2d 572, 581-83 (10th Cir. 1990)).

Addressing the second category of statements, Defendant argues that the detective could not have been truthful when he asserted that "[a]ll information that has been provided by the [informant] has been corroborated through independent investigation," when the detective did not corroborate that the informant had been inside the residence, that the informant saw the narcotics in question, or that "Fernando [was] a known narcotics distributor." Appellee's Br.,

Ex. A at 3 (Affidavit). Defendant complains that the only items actually corroborated were the address of the residence to be searched, the description of Fernando, and the description of the Chevy van. In short, Defendant argues that the detective failed to corroborate that any of the items or persons to be searched were involved in any way with the distribution of narcotics.

After reviewing the record, we conclude that none of the findings of the magistrate judge (and the district court by adoption) constitute clear error. Two of those findings are particularly fatal to Defendant's claims regarding the affidavit's assertions of the informant's credibility. The court found that "[t]he information . . . [that] the confidential informant was inside the residence sought to be searched and that he/she saw large quantities of marijuana and methamphetamine is credible," and that "[t]he confidential informant's experience and ability to recognize drugs is also credible and should remain in the affidavit." R., Vol. I, Doc. 90 at 16. Because we conclude that these findings are not clearly erroneous, we cannot say that the district court should have redacted a greater portion of the affidavit following the <u>Franks</u> hearing. In particular, we note that the detective never affirmatively asserted, and therefore never misrepresented, that the information included in the affidavit to establish his informant's credibility was his own personal knowledge. It is well established that police may "pool their information" to establish probable cause. <u>United States v. Espinosa,</u>

771 F.2d 1382, 1407 (10th Cir. 1985); see also Illinois v. Andreas, 463 U.S. 765, 771 n.5 (1983). With regard to the payment information not included in the affidavit, we cannot say that the omission was significant enough to rise to the level of a misrepresentation. Cf. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) ("It would have to be a very naive magistrate who would suppose that a confidential informant would drop in off the street with . . . detailed evidence and not have an ulterior motive."). There is no reason to believe that the issuing judge was seriously misled by the detective's failure to disclose that his informant received money in exchange for the information he provided.

With respect to Defendant's allegations of a failure to corroborate, we agree that the assertion in the affidavit that "[a]ll information that has been provided by the [informant] has been corroborated through independent investigation" is not entirely true. Appellee's Br., Ex. A at 3. That statement should read that only *some* of the information provided by the informant has been corroborated through independent investigation. Our conclusion in this regard does not affect the district court's ruling, however. Franks requires that a false and misleading statement be redacted only after a defendant demonstrates that statement is material to a finding of probable cause. See Franks, 438 U.S. at 156. Defendant has not met his burden in this case. Following the statement in question, the affidavit describes in detail the actual extent of the detective's

corroboration and, in fact, makes clear that the detective did not corroborate all the information. The magistrate judge carefully reviewed the details of this corroboration in his report and recommendation. See R., Vol. I, Doc. 90 at 20-21. After describing the detective's efforts to corroborate the description of Defendant, his van, and the location of the residence to be searched, the magistrate judge concluded that "[t]his corroboration lends further trustworthiness to the information provided by the confidential informant." Id. at 21. Because the affidavit itself reveals that the detective corroborated not all but a significant part of the information provided by the informant, we conclude that the overly generalized statement that all information had been corroborated was not material to a finding of probable cause. The district court did not err in refusing to redact a larger portion of the affidavit in its ruling on Defendant's motion to suppress.

Finally, we must decide whether the district court properly concluded that the remaining content of the affidavit was sufficient to establish probable cause. When making a determination of probable cause for search warrants, an issuing judge must simply "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Upon review of the affidavit after excluding the two statements found false and redacted by the magistrate

judge and district court, we conclude that it presents evidence sufficient to sustain a finding of probable cause.  We affirm the district court's ruling on Defendant's motion to suppress.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge