Garland D. LEWIS; Phyllis A. Woodman, Plaintiffs–Appellants,

and

Billy D. Mullins, Plaintiff,

v.

James ROCK, in his official and individual capacities, Defendant–Appellee,

and

William J. Henderson, United States Postmaster General; City and County of Denver; Reginald Chapman, in his official and individual capacities; Carol Ware; Katrina Bell; Larry Christensen, in his official and individual capacities; Michael Kronk, in his official and individual capacities; Toby Rampa, in his official and individual capacities; Chuck Gutenkauf, in his official and individual capacities; Rick Linsky, in his official and individual capacities; Tommy Romero; Alex Gutierrez; United States of America, Defendants.

No. 01–1329.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 2002.

John W. McKendree, Elizabeth G. McKendree, Denver, CO, Loretta Jacobs–Schwartz, Scottsdale, AZ, for Plaintiffs–Appellants.

Paul J. Johns, Kathleen L. Torres, Office of the United States Attorney, Denver, CO, Daniel R. Christopher, Frank R. Kennedy, Julie C. Tolleson, Kennedy & Christopher, Denver, CO, for Defendants–Appellees.

Before MURPHY, ANDERSON, and HARTZ, Circuit Judges.

## ORDER AND JUDGMENT*

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not ma-

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

terially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants Garland D. Lewis (Lewis) and Phyllis A. Woodman (Woodman) appeal the district court's order granting summary judgment in favor of defendant-appellee James Rock (Rock) on their claims for malicious prosecution and conspiracy under 42 U.S.C. § 1983. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

## I.

At all times relevant to this appeal, Lewis and Woodman were employees of the United States Postal Service (USPS), and they worked at a USPS facility in Denver, Colorado. Rock was a detective with the Denver Police Department, and he was assigned to the USPS facility where Lewis and Woodman worked. Although this case involved additional plaintiffs and defendants, this appeal only involves the claims asserted by Lewis and Woodman against Rock that were the subject of the summary judgment order entered by the district court on August 4, 1998. *See* Aplt. App. at 566–75.

Lewis asserted malicious prosecution and conspiracy claims against Rock under § 1983, alleging that Rock violated his Fourth Amendment rights by: (1) serving him with a summons to appear in Denver County Court on misdemeanor charges of disturbing the peace and threatening to injure a person; (2) serving him with a summons to appear in Denver County Court on misdemeanor charges of harassment; and (3) procuring an arrest warrant from a judge in Denver County Court without probable cause and arresting him on a felony charge of retaliating against a witness. Lewis alleges, and Rock does not dispute, that all of these charges were eventually terminated in his favor. Specifically, the threatening to injure a person charge was dismissed; Lewis was acquitted at a trial of the disturbing the peace charge; Lewis was convicted at a trial of the harassment charges, but the convictions were reversed on appeal; and Lewis was never prosecuted on the retaliating against a witness charge.

Woodman asserted malicious prosecution and conspiracy claims against Rock under § 1983, alleging that Rock violated her Fourth Amendment rights by serving her with a summons to appear in Denver County Court on a misdemeanor charge of disturbing the peace. Woodman alleges, and Rock does not dispute, that this charge was dismissed at a court hearing she attended two months after receiving the summons.

Rock moved for summary judgment on Lewis' and Woodman's claims, arguing he was entitled to qualified immunity because Lewis and Woodman failed to establish that he had violated clearly established federal constitutional rights. The district court agreed with Rock's qualified immunity analysis, and it entered summary judgment in favor of Rock and dismissed Lewis' and Woodman's claims with prejudice. First, the court concluded that Lewis and Woodman could not assert malicious prosecution claims against Rock under § 1983 based on Rock's conduct in issuing the summonses because service of the summonses, standing alone, did not amount to a seizure under the Fourth Amendment. Second, the court resolved that Lewis had failed to show that Rock lacked probable cause to arrest him on the retaliating against a witness charge, and the court rejected Lewis' claim that Rock had deliberately misstated facts or omitted evidence in the affidavit and application for an arrest warrant he submitted to the judge in Denver County Court. Finally, because

Lewis' and Woodman's conspiracy claims were based on the same allegations as their malicious prosecution claims, the court construed the claims as alleging a conspiracy to engage in malicious prosecution and rejected them for the same reasons it rejected the malicious prosecution claims.

## II.

### 1. Standard of Review

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1149 (10th Cir. 2002). "When the defense of qualified immunity is raised in a summary judgment motion, we apply special rules to determine whether the motion was properly granted or denied." *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir.1996). We must "first ask if a plaintiff has asserted the violation of a constitutional right at all, and then assess whether that right was clearly established at the time of a defendant's actions." *Id.* (quotation omitted). Thus, to avoid summary judgment on qualified immunity grounds, a plaintiff must "present facts which if true would constitute a violation of clearly established law." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir.1988) (quotation omitted).

### 2. Malicious Prosecution/Receipt of Summonses

■ In accordance with the Supreme Court's plurality decision in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), Lewis and Woodman must establish a violation of their rights under the Fourth Amendment to prevail on their malicious prosecution claims under § 1983. *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir.1996). Thus, they must show that they were subjected to unreasonable seizures in violation of the Fourth Amendment. *Id.*

We agree with the district court that Lewis and Woodman have failed to put forth sufficient evidence showing they were seized for purposes of the Fourth Amendment. Specifically, the only deprivations of liberty sustained by Lewis are that he had to attend two trials; he had to appeal his harassment convictions after one of the trials; and he was fingerprinted in connection with one of the summons. Similarly, the only deprivation of liberty sustained by Woodman is that she had to make one, and possibly two, court appearances before the disturbing the peace charge was dismissed. Because Lewis and Woodman have not shown they sustained any other deprivations of liberty in connection with their receipt of the summonses, they have failed to show they were seized in violation of the Fourth Amendment. *See Britton v. Maloney*, 196 F.3d 24, 30 (1st Cir.1999) (in case involving summons to appear in court to answer state criminal charges and no other restrictions on plaintiff's liberty, court held that "[a]bsent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment").

### 3. Arrest of Lewis

■ Although the district court analyzed the claim relating to Lewis' arrest for retaliating against a witness as a malicious prosecution claim, it can also be analyzed as a wrongful arrest claim. In either case, the controlling inquiry is whether Lewis put forth sufficient evidence to raise a genuine issue of material fact for trial as to whether Rock had probable cause to support his affidavit and the application for the arrest warrant. *See Taylor*, 82

F.3d at 1560–62. "Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Id.* at 1562 (quotation omitted).

We agree with the district court's conclusion that the affidavit Rock submitted to the judge in Denver County Court contained sufficient facts to support a finding of probable cause to arrest Lewis for the offense of retaliating against a witness. *See* Aplt.App. at 261–64. We also note that the affidavit contained the exculpatory allegations which could have exonerated Lewis if the judge had chosen to believe Lewis' and his witnesses' versions of the underlying events. *See id.* at 263–64. In addition, the record does not support Lewis' claim that Rock's affidavit contained material misrepresentations or omitted material facts. And even if Rock did omit certain matters from his affidavit, there is no evidence he did so knowingly or with reckless disregard of the truth, rather than out of negligence or inadvertence, as is required to establish a police officer's liability under the Fourth Amendment. *See Taylor*, 82 F.3d at 1563; *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir.1996). Accordingly, we affirm the dismissal of Lewis' arrest claim.

4. Conspiracy Claims

Lewis' and Woodman's conspiracy claims are based on the same allegations as their malicious prosecution claims, and the district court correctly entered summary judgment on the conspiracy claims on that basis.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.