**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHELLY AVERSMAN; MATTHEW
AVERSMAN,

     Plaintiffs - Appellants,

v.

CHRISTOPHER M. NICHOLSON, in his
individual capacity; WILLIAM SMITH, in
his individual capacity; KANSAS
BUREAU OF INVESTIGATION; JOHN
DOES 1-10,

     Defendants - Appellees.

No. 17-3172
(D.C. No. 2:16-CV-02779-CM-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Plaintiffs Shelly and Matthew Aversman, husband and wife, appeal the

dismissal of their federal civil rights claims against Kansas Bureau of Investigation

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(KBI) investigator Christopher M. Nicholson.[1] Plaintiffs assert Mr. Nicholson submitted a false affidavit to obtain an arrest warrant charging Ms. Aversman with unlawful sexual relations with a high school student whom she taught. After the charges against her were dismissed, Plaintiffs filed suit under 42 U.S.C. §§ 1983 and 1988 alleging Mr. Nicholson violated Ms. Aversman's Fourth and Fourteenth Amendment rights. The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6), ruling that, regardless of the alleged deficiencies in Mr. Nicholson's affidavit, it nonetheless was sufficient to support probable cause for the arrest warrant of Ms. Aversman. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.  Factual Allegations in the Complaint.

Ms. Aversman was a teacher at Atchison High School during the 2011-2012 school year, at the same time as a student, identified here as J.J., was a high school senior. Three years after J.J.'s May 2012 graduation, the KBI investigated a report that Ms. Aversman had engaged in sexual relations with J.J. while he was a student. On November 24, 2015, Mr. Nicholson first interviewed Ms. Aversman, then interviewed J.J., and then interviewed Ms. Aversman a second time.

During the first interview, Ms. Aversman admitted she had a sexual relationship with J.J. after he graduated from high school, in August or September

---

[1] Plaintiffs do not appeal the dismissal of their claims against the KBI, KBI investigator William Smith, and unnamed KBI supervisors, or the dismissal of their state tort claims.

2012.[2]  During his interview, J.J. repeatedly denied that any sexual contact with Ms. Aversman occurred while he was a student.  He admitted having a sexual relationship with her after he graduated, stating it occurred in September 2012, when he was home from community college.  But at one point in the interview, Mr. Nicholson asked J.J., "'So some of that contact was prior to you graduating and going to college.'"  Aplt. App. at 8.  J.J. answered, "Yeah, like I said—" but Mr. Nicholson interrupted J.J. before he could finish his answer.  *Id.*  Mr. Nicholson drew a timeline and asked J.J. to point out when the contact occurred, but did not ask J.J. to mark or sign the chart.

When Mr. Nicholson conducted his second interview of Ms. Aversman, he told her that J.J. admitted that they had a sexual contact while J.J. was a senior in high school.  Ms. Aversman "responded with maybe, and then probably, but then clarified that [J.J.] had expressed feelings for her during [his] senior year, but that she had rejected those feelings."  *Id*. at 9.  Mr. Nicholson asked her "'Is there a time when a mistake happened?', to which Mrs. Aversman responded 'Yeah' and clarified that '[i]t was closer to his graduation time.'"  *Id*.  She "then clarified again that she had rejected [J.J.'s] advances because of her life, her career, everything."  *Id*.  Mr. Nicholson told Ms. Aversman that J.J. "estimated that the sexual contact began in January of [his] senior year" and Ms. "Aversman responded, 'Probably.  I was thinking it was long after that,' and followed up with 'I guess so.'"  *Id*. at 10.

---

[2] All of the factual allegations are taken from Plaintiffs' Complaint; neither the probable cause affidavit nor any transcriptions of Mr. Nicholson's interviews were made part of the district court record.

Mr. Nicholson asked her "to describe the sexual contact that took place prior to September 2012, and she described fondling/touching." *Id*.

Mr. Nicholson drafted a probable cause affidavit for Ms. Aversman's arrest, stating that J.J. "'admitted that he and Aversman engaged in a sexual relationship at a time period between January 2012 and August 2012, when he was still a student at Atchison High School and Aversman was one of his teachers.'" Aplt. App. at 11. He also stated that Ms. Aversman had admitted "'that she had engaged in lewd fondling of [J.J.] prior to his graduation from Atchison High School[,] a time period in which Aversman was employed by Atchison High School and was one of [J.J.'s] teachers.'" *Id*. "Aversman stated the touching involved her touching [J.J.'s] genitals under his clothes. . . ." *Id*.

Ms. Aversman was charged with unlawful voluntary sexual relations in violation of Kan. Stat. Ann. § 21-5512(a)(9), which, as relevant here, is defined as "consensual sexual intercourse, lewd fondling or touching" with a person if "the offender is a teacher" and the person is "16 years of age or older [and] a student enrolled at the school where the offender is employed." *Id*. The charges were dismissed prior to the preliminary hearing. Ms. Aversman was subsequently terminated from her teaching position.

The district court granted Mr. Nicholson's Rule 12(b)(6) motion to dismiss, concluding he was entitled to qualified immunity because Plaintiffs failed to show that Mr. Nicholson's affidavit lacked probable cause, or to establish the violation of a constitutional right. The court concluded that, even omitting J.J.'s allegedly false

4

admission and the fact that initially both Ms. Aversman and J.J. denied the existence of sexual interactions prior to his graduation, the affidavit supported probable cause. Ms. Aversman had been unclear about when her relationship with J.J. occurred – whether it was before or after graduation. The court found that Ms. Aversman's statements and the circumstances surrounding the investigation created a substantial probability that Ms. Aversman committed the crime charged and thus there was probable cause for her arrest. Therefore, Mr. Nicholson was entitled to qualified immunity. Plaintiffs appeal.

II. Discussion.

We review de novo the district court's dismissal based on qualified immunity. *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017). When reviewing a Rule 12(b)(6) dismissal, we accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Id.*

As Mr. Nicholson asserted qualified immunity as a defense to Plaintiffs' claims, Plaintiffs bore the burden to establish both that he violated a constitutional right and that the right was clearly established at the time of the violation. *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017). "Affiants seeking arrest warrants violate the Fourth Amendment when they knowingly, or with reckless disregard for the truth, include false statements in an affidavit, or knowingly or recklessly omit from it information which, if included, would vitiate probable cause." *Puller v. Baca*, 781 F.3d 1190, 1197 (10th Cir. 2015). "In such a situation, we measure probable cause by (1) removing any false information from the affidavit, (2) including any

omitted material information, and then (3) inquiring whether the modified affidavit establishes probable cause for the warrant." In short, Mr. Nicholson only violated Ms. Aversman's Fourth Amendment rights if, after "setting aside" the allegedly false statements and including omitted material, there was no probable cause to arrest her. *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996). "Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Id*.

Plaintiffs alleged Mr. Nicholson's statement that J.J. "admitted that he and Aversman engaged in a sexual relationship at a time period between January 2012 and August 2012, when he was still a student at Atchison high school and Aversman was one of his teachers," Aplt. App. at 11, is false because J.J. never admitted that a sexual relationship occurred prior to May 2012, when he graduated. They also alleged that Mr. Nicholson omitted materially exculpating information that both Ms. Aversman and J.J. denied any sexual contact while he was a student, and that Ms. Aversman expressed doubt that the relationship began in January 2012.

The district court ruled that "[o]mitting [J.J.'s] allegedly false admission and including the fact that both [J.J.] and Ms. Aversman initially denied the existence of sexual interactions prior to [J.J.'s] high school graduation, the affidavit was still supported by probable cause." *Id*. at 110. We agree.

J.J. answered "Yeah" to Mr. Nicholson's question if some of the sexual contact "was prior to [him] graduating and going to college." *Id*. at 8. We assume the affidavit statement that J.J. admitted to contact "while he was still a student," *id*.

6

at 7, constitutes false information because he only ambiguously indicated the contact occurred before "graduating and going to college," *id*. at 8. Removing that statement, and including J.J.'s and Ms. Aversman's denials, and her statements of doubt, that any lewd touching or sexual contact occurred while he was a student, would not have affected the probable cause determination. The affidavit stated that Ms. Aversman admitted she engaged in lewd fondling with J.J. prior to his May 2012 graduation, and that statement is accurate: she admitted in her Complaint that she answered "probably" and "I guess so," when told that J.J. "estimated that the sexual contact began in January of [his] senior year" and she admitted that a "mistake" occurred "closer to his graduation." *Id*. at 9-10. These statements are reasonably interpreted as admissions by Ms. Aversman that she engaged in lewd fondling with J.J. prior to his May 2012 graduation. *See Black's Law Dictionary* (10th ed. 2014) (defining an "admission," as applied in criminal law, as "a statement by the accused, direct or implied, of facts pertinent to the issue and tending, in connection with proof of other facts, to prove his guilt, but of itself is insufficient to authorize a conviction" (internal quotation marks omitted)).

Plaintiffs argue on appeal that their Complaint could have withstood a motion to dismiss had the attorney who drafted the Complaint not included "ancillary allegations of fact." Aplt. Opening Br. at 16. But of course Plaintiffs' Complaint is the operative Complaint before the district court and this court, and we find no error in the district court's analysis of the factual allegations in their Complaint.

7

Judgment affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge