**Barbara A. RUPE, Plaintiff,**

v.

**Ernest J. FOURMAN, Defendant.**

**No. C–3–81–345.**

United States District Court,
S. D. Ohio, W. D.

Dec. 8, 1981.

---

4. *Shoemaker v. Shoemaker*, 263 F.2d 931 (6th Cir. 1959), is silent on the State court record.

K. Stuart Goldberg, Ashley Brown, Dayton, Ohio, for plaintiff.

Jack H. Berger, Kettering, Ohio, James R. Kirkland, Dayton, Ohio, for defendant.

DECISION AND ENTRY ON PENDING MOTIONS; DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ACTION AS MOOT SUSTAINED IN PART AND OVERRULED IN PART; PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM SUSTAINED; PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT SUSTAINED; PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT TO BE FILED WITHIN STATED PERIOD OF TIME; PLAINTIFF'S MOTION COMPELLING DISCOVERY SUSTAINED IN PART AND OVERRULED IN PART; PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND SUSTAINED; DEFENDANT'S MOTION FOR PRODUCTION OF EVIDENCE OVERRULED

RICE, District Judge.

This matter involves alleged violations of the federal civil rights and fair housing laws and of Ohio law by the defendant, Ernest J. Fourman, in his actions toward Plaintiff, Barbara A. Rupe, a former tenant in property owned by him. Six motions are pending before this Court, to wit:

a) the Defendant's motion to dismiss Plaintiff's action as moot;

b) the Plaintiff's motion to dismiss Defendant's counterclaim;

c) the Plaintiff's motion to amend and supplement the complaint;

d) the Plaintiff's motion compelling discovery;

e) the Plaintiff's motion to strike Defendant's jury demand; and

f) the Defendant's motion for production of evidence.

A brief outline of the factual background in this case will be set forth, followed by a consideration of the pending motions seriatim.

I. FACTUAL BACKGROUND

It is undisputed that Plaintiff, a white female, signed a month-to-month lease on February 11, 1981, to live in an apartment building owned by Defendant, at 2372 Wayne Avenue, Dayton, Ohio. The parties also do not dispute that Defendant personally delivered a Notice to Leave the Premises to Plaintiff on June 24, 1981, and that Plaintiff moved out of the apartment on her own accord on July 14, 1981. The parties agree on little else, since virtually all the facts concerning Plaintiff's stay at the apartment and the alleged reasons for the request to leave are in dispute.

Plaintiff alleges that at various times, prior to June 9, 1981, she had black visitors to her apartment, to which the Defendant objected due to the race of the guests. The Defendant voiced these objections, she says, by instructing her to stop having "colored people" in the apartment, and by threatening to evict her if such visits continued. On June 9, 1981, Plaintiff filed a Charge of Discrimination against the Defendant with the Human Relations Council for the City of Dayton. On June 21, 1981, Defendant appeared at Plaintiff's apartment with a copy of the Charge of Discrimination, and demanded that she leave for having filed the complaint. As noted above, Defendant delivered a Notice to Leave the Premises to Plaintiff on June 24, 1981. Two days later, Plaintiff filed her complaint in this Court, charging Defendant with violations of 42 U.S.C. §§ 1982, 3604, 3617 and O.R.C. § 5321.01, *et seq.*, seeking $100,000 in actual and punitive damages, and an injunction restraining Defendant from refusing to rent the apartment on the basis of color or race, or because of her bona fide complaints. She properly invoked the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1343(4), 2201, 42 U.S.C. §§ 3612, 3617, and pendent jurisdiction. While this Court

issued a Temporary Restraining Order on June 30, 1981, preventing the Defendant from evicting or otherwise interfering with the Plaintiff, she nevertheless moved out of the apartment on July 14, 1981, claiming continued harassment from the Defendant.

Defendant denies all the charges. He claims that Plaintiff violated understandings between himself and all the tenants of the building to maintain order and not disturb other tenants. These violations occurred, he says, when Plaintiff had visitors and parties late into the night, used a common telephone late into the night, misused common toilet and kitchen facilities, and used illegal drugs, all of which greatly disturbed the other tenants. It was for these reasons, Defendant contends, that he asked Plaintiff to leave, and not for alleged racial discrimination. Indeed, Defendant claims, the other tenants were grateful for him having taken action against Plaintiff. Defendant also filed a "cross complaint" against Plaintiff, for damaging his reputation and for malicious prosecution, and prayed for damages in the amount of one million dollars.

## II. PENDING MOTIONS

### A. THE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT IS SUSTAINED IN PART AND OVERRULED IN PART

Defendant filed a motion to dismiss Plaintiff's action, contending that her moving out of the apartment has "rendered all issues raised by her in her complaint moot." Although not cited in the motion, Defendant presumably seeks to rely on Fed.R. Civ.P. 12(b)(1), dismissal for lack of subject matter jurisdiction, since a moot case would deprive this Court of said jurisdiction. In construing Defendant's motion, the Court must accept as true all well-pleaded allegations of the complaint, see Amersbach v. City of Cleveland, 598 F.2d 1033, 1034–35 (6th Cir. 1979).

■ Due to the "case or controversy" requirement found in Art. III, § 2, of the Constitution, a federal court cannot entertain "moot" litigation, that is, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Commission v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969)). The issue herein primarily concerns the second aspect of mootness, whether Plaintiff has a "personal stake" in the outcome of the litigation. Geraghty, supra, 445 U.S. at 396–97, 100 S.Ct. at 1208–09.

■ Plaintiff herein seeks both actual and punitive damages and injunctive relief. She clearly has a "personal stake" in the outcome of this litigation with respect to the relief sought in damages, since she claims, among other things, that Defendant's actions caused her mental distress and anguish. In litigation involving discriminatory conduct under the federal fair housing laws, the Sixth Circuit has repeatedly held that subsequent actions by the parties do not "alter the prior discriminatory conduct" or "wipe out the need for consideration of damages." McDonald v. Verble, 622 F.2d 1227, 1233 (6th Cir. 1980); see also Weathers v. Peters Realty Corp., 499 F.2d 1197, 1201 (6th Cir. 1974); Cash v. Swifton Land Corp., 434 F.2d 569 (6th Cir. 1970). Hence, the fact that Plaintiff has moved out of the apartment does not lessen her claimed damages and does not render this aspect of her complaint "moot".

However, these same cases also indicate that Plaintiff's request for injunctive relief is moot. Were the injunction to be granted, it would have no effect on Plaintiff since she no longer lives in the apartment. Subsequent acts by the parties to litigation can moot a claim for injunctive, although not damages, relief. Cash v. Swifton Land Corp., supra, 434 F.2d at 572. In support of her claim that injunctive relief would not be moot, Plaintiff somewhat vaguely argues that she has a "right to live in an integrated community." Case law supports this proposition, see, e.g., Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91,

111–12, 99 S.Ct. 1601, 1613–14, 60 L.Ed.2d 66 (1979), but it simply does not follow that *her* claim for injunctive relief is viable. These cases involve raising the rights of third parties to the litigation, or *jus tertii*, which is an issue of standing separate from that of mootness. In any event, Plaintiff cannot rely on this doctrine, since the injunction would only affect Defendant's building and Plaintiff does not purport to represent the rights of present or potential tenants in the building who may desire integrated housing. The doctrine of *jus tertii* is a relatively narrow one, *see Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975), and does not apply to the facts of the case herein.

For these reasons, only Plaintiff's claim for injunctive relief is moot and the motion to dismiss the complaint must be sustained in part and overruled in part.

### B. THE PLAINTIFF'S MOTION TO DISMISS THE DEFENDANT'S COUNTERCLAIM IS SUSTAINED

In his counterclaim (denominated as a "cross-complaint"), Defendant alleges that Plaintiff has "embarrassed" him, damaged his reputation, and caused him to defend malicious and groundless litigation. Plaintiff seeks to dismiss this counterclaim on the grounds that it fails to state a basis for jurisdiction, Fed.R.Civ.P. 8(a)(1), that this Court lacks subject matter jurisdiction over it, Fed.R.Civ.P. 12(b)(1), and that it fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Since Plaintiff is correct on the first and third grounds, the second ground need not be considered.

As Plaintiff correctly notes, the counterclaim does not contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," Fed.R.Civ.P. 8(a)(1), although, presumably, jurisdiction *may* be had as a compulsory or permissive counterclaim, Fed.R.Civ.P. 13(a)–(b).

 However, even if Fed.R.Civ.P. 8(a)(1) were satisfied, the counterclaim would fail to state a claim upon which relief can be granted. The defamation claims appear to arise from Plaintiff's accusations contained in her complaints before the Human Relations Council and this Court. Under Ohio law, statements in judicial proceedings are absolutely privileged, *Costanzo v. Gaul*, 62 Ohio St.2d 106, 403 N.E.2d 979 (1980) (per curiam); *Kemper v. American Broadcasting Companies, Inc.*, 365 F.Supp. 1275, 1276 (S.D.Ohio 1973), as are accusations contained in pleadings before a court, *see Buehrer v. Provident Mutual Life Ins. Co.*, 123 Ohio St. 264, 175 N.E. 25 (1931); *Theis v. Scherer*, 396 F.2d 646, 649 (6th Cir. 1968). For these reasons, Defendant's counterclaim does not state a claim under Ohio defamation law. For similar reasons, defendant's assertion of "malicious" and "groundless" litigation, which this Court construes to refer to the tort of malicious prosecution, must fail. *Cf.* 35 O.Jur.2d *Malicious Prosecution* §§ 1–3 (1959); *Avco Delta Corp. of Ohio v. Walker*, 22 Ohio App.2d 61, 258 N.E.2d 254 (Franklin Cty. 1969) (discussing torts distinct from malicious prosecution). In a claim for malicious prosecution under Ohio law, the prosecution of a civil proceeding must be at an end *and* must terminate in favor of the plaintiff bringing the malicious prosecution claim. *See Levering v. National Bank of Morrow County*, 87 Ohio St. 117, 100 N.E. 322 (1912); *Avco Delta Corp. v. Walker, supra.* Defendant's malicious prosecution claim is thus premature, and the motion to dismiss the counterclaim must be sustained.

 The request by Plaintiff's attorney for an award of attorney's fees for defending said counterclaim must be considered premature, since Plaintiff is not, at this stage of the litigation, a "prevailing party" pursuant to 42 U.S.C. § 3612.

### C. THE PLAINTIFF'S MOTION TO AMEND AND TO SUPPLEMENT THE COMPLAINT IS SUSTAINED

 Plaintiff moves to amend the complaint by adding two defendants: Eileen Fourman (wife of the current Defendant) and Mary Duncan, a tenant at the apartment building in question. The addition of Ms. Duncan is premised on her alleged com-

plaints made to Mr. Fourman concerning "colored" guests at the property, in her alleged capacity as Mr. Fourman's "agent." If said allegations are true, Ms. Duncan may be liable under 42 U.S.C. § 3617 and O.R.C. § 5321.01 *et seq.* Eileen Fourman is sought to be joined since she is allegedly the "co-owner" of the apartment building in question, and since she allegedly "delegated authority" over management of the property to her husband. If these allegations are true, Ms. Fourman may be liable to the same extent as her husband. Leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a), and this Court will sustain said motion with respect to both Ms. Duncan and Ms. Fourman. The record does not indicate that Plaintiff so moves in bad faith or that there will be undue prejudice to the parties sought to be joined. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). The Court is mindful, however, that said amendments will undoubtedly delay the scheduled trial date in this case.

Plaintiff also moves to supplement the complaint by adding events occurring after the date of the filing of the original complaint. Said motion will be sustained. Fed. R.Civ.P. 15(d).

The amended and supplemented complaint must be filed within seven (7) days from date of receipt of notice of this decision.

### D. PLAINTIFF'S MOTION COMPELLING DISCOVERY IS SUSTAINED IN PART AND OVERRULED IN PART

Pursuant to Fed.R.Civ.P. 37(a), Plaintiff seeks an order compelling Defendant to answer questions objected to in Plaintiff's First Set of Interrogatories, to produce certain documents, and make Mary Duncan available for deposition.

At the outset, this Court acknowledges the traditionally liberal construction given the scope of discovery, particularly in litigation involving alleged violations of the civil rights laws. *Blue Bell Boots, Inc. v. EEOC*, 418 F.2d 355 (6th Cir. 1969); *Dunn v. Mid-*

*western Indemnity*, 88 F.R.D. 191, 194–95 (S.D.Ohio 1980). However, even under this broad standard, Plaintiff's entire discovery request cannot be granted.

Plaintiff's motion for an order compelling discovery of certain documents can be sustained in large part. In her First Request for Production of Documents, Plaintiff requested the following writings: current licenses which relate to the business, written statements from any witnesses to the incidents which form the basis for the complaint, advertisements in the newspaper for the dwelling units owned by Defendant, rules, regulations, or orders concerning the duties of persons authorized to show the dwellings, any rules or orders as to renting dwelling units or the conduct of tenants, and any application forms for the apartments in question. Since these items are "relevant", Fed.R.Civ.P. 26(b)(1), to Plaintiff's action, and for further reason that the writings appear reasonably calculated to lead to the discovery of admissible evidence, the motion with respect to these documents will be sustained. Similarly, the questions asked and the documents requested in the Second Set of Interrogatories are relevant and the motion with respect to them must be sustained. Finally, the items requested in Plaintiff's Notice of Deposition and Request for the Production of Documents are relevant, or are reasonably calculated to lead to the discovery of admissible evidence. The additional request for rent receipts and ledger books of rent receipts in said Notice are relevant in light of Plaintiff's amended complaint, which refers to an allegedly discriminatory rental increase which occurred after the filing of the complaint herein.

Plaintiff's other discovery requests cannot be granted. Defendant refused to answer questions 53 through 67 in Plaintiff's First Set of Interrogatories, which concerned his personal financial status. While Plaintiff correctly argues that such questions form a proper inquiry with respect to Defendant's potential liability for punitive damages, the Court holds that dis-

covery on punitive damages will be unnecessary at this point in the litigation. This Court will bifurcate the issue of damages, and will hold a separate hearing on the issue of punitive damages, if Defendant's liability is established in the first instance. Discovery on the issue of punitive damages may go forward *if* the separate hearing is necessary.

■ Finally, Plaintiff requests that Defendant produce Mary Duncan for deposition, since she is allegedly a "managing agent" of the Defendant under Fed.R.Civ.P. 30(b)(6). However, Rule 30(b)(6) by its terms only refers to the agents or representatives of "organizations," and Plaintiff herein has not sued or sought to join any organization as a defendant. Hence, Plaintiff's request to depose Ms. Duncan pursuant to Rule 30(b)(6) cannot be sustained. Since Mary Duncan will be, by virtue of this Entry, a newly added party defendant, she may be served with a notice of deposition in the manner reserved by Rule for Party Defendants.

### E. PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND IS SUSTAINED

■ Defendant filed a demand for a jury trial in this action on October 29, 1981, more than four months after the complaint was filed and nearly three months after Defendant filed his answer to the complaint. Fed.R.Civ.P. 38(b) requires that any jury demand be made "not later than 10 days after the service of the last pleading directed to such issue." The failure to timely serve a demand as required by Rule 38(b) constitutes a waiver of a trial by jury, pursuant to Rule 38(d).

■ The failure of the Defendant to demand a jury trial, within ten days after he filed his answer to the complaint, constitutes a waiver of a trial by jury in this action. This result is not changed by Plaintiff amending her complaint, *supra*, since the amendments introduce no new issues to the case. *Olund v. Swarthout*, 459 F.2d 999, 1000 (6th Cir.), *cert. denied*, 409 U.S. 1008, 93 S.Ct. 441, 34 L.Ed.2d 301 (1972); 5

Moore's *Federal Practice*, ¶ 38.39[2] at 38–353 (2d ed. 1981).

■ However, Defendant's waiver does not bind the two other defendants added by Plaintiff's amended complaint. *Swafford v. B & W, Inc.*, 34 F.R.D. 15, 17 (S.D.Tex. 1963), *aff'd*, 336 F.2d 406 (5th Cir. 1964), *cert. denied*, 379 U.S. 926, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); C. Wright & E. Miller, *Federal Practice and Procedure*, § 2321, at 104 (1971). These defendants will have the opportunity to demand a jury trial in compliance with Rule 38, and if they do so, this Court intimates no view as to the propriety, if any, of excusing Mr. Fourman's delay in requesting a jury trial. *Cf.* Rule 39(b); *Butterfield v. Crist*, 52 F.R.D. 489 (E.D. Wisc.1971). In other words, if said demand is properly made, it will lie in this Court's discretion whether to join Mr. Fourman's action in a jury trial with the other Defendants.

### F. DEFENDANT'S MOTION FOR PRODUCTION OF EVIDENCE IS OVERRULED

■ In his motion for production of evidence, Defendant seeks, among other things, the names and addresses of all physicians and psychologists who Plaintiff has seen within the last five years. Said motion must be overruled at the present time, since the motion is not "accompanied by a supporting memorandum and by an affidavit of counsel setting forth what extra-judicial means have been attempted to resolve differences . . . ." S.D. Ohio R. 4.7.4.

### III. CONCLUSION

The Court's rulings on the pending motions in this case may be summarized as follows:

a) Defendant's motion to dismiss Plaintiff's complaint is overruled in part and sustained in part to the extent that the complaint prays for injunctive relief;

b) Plaintiff's motion to dismiss the Defendant's counterclaim is sustained;

c) Plaintiff's motion to amend and supplement the complaint is sustained;

d) Plaintiff's motion seeking an order compelling discovery is sustained in part and overruled in part to the extent that it sought Defendant's personal financial information, or to compel Defendant to produce Ms. Duncan for a deposition;

e) Plaintiff's motion to strike Defendant's jury demand is sustained;

f) Defendant's motion for production of evidence is overruled.