Thomas HALL and Denise Hall

v.

HARLEYSVILLE INSURANCE
CO., et al.

No. 94–6656.

United States District Court,
E.D. Pennsylvania.

Dec. 21, 1995.

Cary L. Flitter, Lundy, Flitter & Beldecos, P.C., Narberth, PA, for Plaintiffs.

Thomas K. Ellixson, Marshall, Dennehey, Warner, Coleman & Goggin, Norristown, PA, for Harleysville and Finkle.

John R. McHaffie, Frayne & Hatzell, Philadelphia, PA, for Loss Prevention, Ciaccio and Olshevski.

Mark T. Gallagher, Kenneth M. Portner, Weber Goldstein Greenberg & Gallagher, Philadelphia, PA, for COD Associates, Inc.

## MEMORANDUM

JOYNER, District Judge.

Defendants Loss Prevention Consultants, Inc., John Ciaccio and Philip A. Olshevski move this Court to reconsider our December 4, 1995 Order compelling certain discovery of them pursuant to a Motion filed by Thomas and Denise Hall, Plaintiffs. Movants did not respond to Plaintiffs' Motion and we therefore treated it as uncontested pursuant to Local Rule 7.1(c) and granted it.

Movants justify their request for a reconsideration on the ground that they were never served with Plaintiffs' Motion. Although this is not one of the grounds for reconsideration, out of fairness, we will not grant a motion as uncontested if a postal service glitch prevented service of the motion. *See* Rule 7.1(c) (court may grant unopposed motions as uncontested); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (standard for granting motions to reconsider). For this reason, we will reconsider our December 4, 1995 Order.

Movants have agreed to fully respond to all of Plaintiffs' discovery requests with the exception of two areas. The first area is a set of discovery seeking the identity of other individuals whose credit profiles were

"pulled" by Defendants. The second area concerns discovery of Defendants' corporate and personal finances. We shall address each area separately.

*Names of Individuals*

█ The first dispute revolves around the other individuals whose credit reports were pulled by Defendants. All parties agree that many such reports were in fact pulled by Defendants. All parties are also in agreement that the substance of those credit reports should be redacted so as to protect the privacy of these non-party individuals. The dispute concerns the identity of those individuals. Plaintiffs contend that Movants have not shown the need for a protective order under Federal Rule of Civil Procedure 26(c). They contend that the only reason Movants have to suppress the names is to keep the names of potential litigants out of the public record.

In turn, Plaintiffs assert that they have need of the names for the following reasons:

(1) Movants pulled thousands of individual credit reports and the names could lead to discovery of other evidence that would reflect upon the Movants' intent and knowledge of unlawfulness;

(2) such evidence may demonstrate willfulness, relevant to punitive damages; and

(3) it may lead to discovery of other admissible information such as other lawsuits, claims or notices lodged with the Movants by consumers or others pertaining to the acquisition and use of consumer credit reports in other cases.

The federal rules permit broad discovery into all relevant, non-privileged matters, even when not admissible at trial, so long as the information is reasonably calculated to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1). Here, however, it does not appear that the names of the other individuals are relevant to this litigation at all. This Court does not see any way that the names of the other individuals could possibly lead to relevant discovery with the exception of the third

category above, other actions. It is much more likely, however, that an interrogatory asking about other lawsuits, claims or notices will be more efficacious and less expensive.[1] Our concern for the other individuals' privacy is especially compelling here given the fact that this litigation arises under the consumer confidentiality provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t (1982 & Supp.1995). For this reason, we Order Movants to comply with Plaintiffs' discovery but instruct them to redact all identifying information from the records as well as the credit information disclosed therein.

*Defendants' Corporate and Business Financial Records*

█ Movants also seek to foreclose discovery into their corporate and personal finances on the ground that such discovery is premature. They contend that this information is only relevant to a claim for punitive damages and that no prima facie case of punitive damages has yet been shown. We disagree. In our decision denying summary judgment, we found that Plaintiffs had made out a possible showing of a violation of 15 U.S.C. § 1681n(2). This section provides for punitive damages in the event of willful conduct. Because there is a material issue of fact as to Defendants' willfulness, we find that discovery on this issue is appropriate.

An appropriate Order follows.

## ORDER

AND NOW, this 21st day of December, 1995, upon consideration of the Motion and Memorandum of Defendants Loss Prevention Consultants, Inc., John Ciaccio and Philip A. Olshevski for Reconsideration of the Court's December 4, 1995 Order Granting as Uncontested Plaintiffs' "Motion to Strike Defendants' Objections and to Compel Answers to Interrogatories and Requests for Production of Documents to Defendants" and responses thereto, the Motion for Reconsideration is hereby GRANTED.

Upon reconsideration, it is hereby ORDERED, in accordance with the attached

---

1. In the event that Plaintiffs have not propounded such an interrogatory of Movants, Movants are hereby ORDERED to respond within ten days of the date of this opinion's entry as if such an interrogatory had been timely served.

Memorandum, that Movants shall respond to all of Plaintiffs' outstanding discovery, including that described within footnote one of the attached Memorandum, within ten days of the date of this Order's entry.