**Patricia CHRISTY, Plaintiff,**

v.

**Eric ASHKIN and Jeffrey Ashkin, Defendants.**

No. 2:96–CV–339.

United States District Court,
D. Vermont.

July 31, 1997.

Bradley David Myerson, Myerson Law Offices, Manchester Center, VT, for Plaintiff.

Mark Alan Kaplan, Jarvis & Kaplan, Burlington, VT, for Defendants.

*ORDER*

SESSIONS, District Judge.

In this personal injury action, Plaintiff has moved pursuant to Fed.R.Civ.P. 37(a)(2)(B) to compel Defendants to answer Interrogatories Nos. 22, 23, 24, and 25, and to produce the documents sought in Request to Produce No. 26. Plaintiff claims that these answers and documents, all of which relate to the financial status of the Defendants, are relevant to their claim for punitive damages. Defendants oppose the motion and contend that the information sought is irrelevant to the claims and defenses asserted in this case, and is therefore beyond the scope of discovery.

■ Information is discoverable on matters that are relevant to the subject matter of the litigation, so long as such information is designed to lead to admissible evidence. As Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

It is clear under Vermont law that in claims for punitive damages, the financial status of the least wealthy defendant must be taken into account. *Coty v. Ramsey Assocs., Inc.,* 154 Vt. 168, 171 n. 4, 573 A.2d 694, 696 (1990). The relevance of Defendants' financial status to Plaintiff's claim for punitive damages is therefore equally clear, and such information appears to be reasonably calculated to lead to evidence admissible at trial.

Although no Circuit Court has weighed in on the issue, the vast majority of federal district courts which have addressed the discoverability of financial information before a claim for punitive damages has been clearly established have held that such information is discoverable. *See, e.g., EEOC v. Klockner H & K Machs., Inc.,* 168 F.R.D. 233, 235 (E.D.Wis.1996); *Krenning v. Hunter Health Clinic, Inc.,* 166 F.R.D. 33, 34 (D.Kan.1996); *Hall v. Harleysville Ins. Co.,* 164 F.R.D. 172, 173 (E.D.Pa.1995); *CEH, Inc. v. FV "Seafarer",* 153 F.R.D. 491, 497–99 (D.R.I.1994) (citing additional cases); *but see Johnson v.*

*Con–Vey/Keystone. Inc.,* 1995 WL 82271 (D.Or.1995) (requiring proof of prima facie claim for punitive damages before defendant's financial information discoverable). This Court agrees with the predominant view among the district courts, and therefore holds that the information and documents sought by Plaintiff must be disclosed.

Accordingly, Plaintiff's Motion to Compel (Paper No. 23) is hereby GRANTED, and Defendants are ORDERED to answer Plaintiff's Interrogatories Nos. 22, 23, 24 and 25, and to produce the documents requested in Request to Produce No. 26, within 30 days of this Order.