**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**ENVIRONMENTAL & DEMOLITION SERVICES, INC.**

**Civil No. CCB–07–640.**

United States District Court, D. Maryland.

Sept. 21, 2007.

Jacqueline H. McNair, U.S. Equal Employment Opportunity Commission, Philadelphia, PA, Debra Michele Lawrence, Ronald L. Phillips, U.S. Equal Employment Opportunity Commission, Baltimore, MD, for Equal Employment Opportunity Commission.

Howard K. Kurman, Laura L. Rubenstein, Offit Kurman, PA, Maple Lawn, MD, for Environmental & Demolition Services, Inc.

### MEMORANDUM OPINION AND ORDER

SUSAN K. GAUVEY, United States Magistrate Judge.

Pending before the Court is plaintiff Equal Opportunity Commission's (hereinafter EEOC) request that the Court order defendant Environmental & Demolition Services, Inc. (hereinafter EDS) to produce financial statements sought in EEOC's Document Production Request No. 19. (Paper No. 19, 1). By Order dated September 4, 2007, Judge Catherine C. Blake referred to the undersigned the determination of discovery disputes. (Paper No. 18). A telephone conference on the pending matter was held on September 18, 2007.

For the reasons set forth below, the Court GRANTS plaintiff's request and ORDERS the financial statements be produced within five (5) days of the date of this Order.

Defendant contends that discovery of financial statements is premature absent a finding of liability against EDS. (Paper No. 20, 2) (citing *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105 (E.D.N.C. 1993) and *Rupe v. Fourman*, 532 F.Supp. 344, 350–51 (S.D.Ohio 1981)). Defendant argues that plaintiff is not entitled to its financial statements because EEOC has failed to show a basis for punitive damages other than plaintiff's own allegations contained in the complaint. (Paper No. 20, 2).

■ Defendant further contends that this dispute should be governed by Maryland Code, Courts and Judicial Proceedings, § 10–913, which prohibits discovery of a defendant's financial status in an action seeking punitive damages for personal injuries absent both a finding of liability and a basis for punitive damages. (Paper No. 20, 2). Defendant contends that plaintiff seeks damages resulting from personal injuries based on EEOC's assertion that Ms. Gutierrez's supervisor's harassment included "engaging in physically threatening and injurious conduct ..." (Paper No. 20, 2 (quoting Paper No. 1, ¶ 9)).

This Court finds defendant's assertion that § 10–913 governs unpersuasive, as plaintiff invokes federal question jurisdiction, not diversity, and also does not plead a claim for personal injuries. *See* Md.Code Ann. [Courts and Judicial Proceedings] § 10–913 (West 2004) (prohibiting discovery of a defendant's financial status in an action for punitive damages for personal injury absent a finding of liability and a basis for punitive damages). First, plaintiff's complaint alleges sexual and

retaliatory harassment and sex and retaliatory discrimination, and invokes jurisdiction pursuant to Title VII of the Civil Rights Act. (Paper No. 1, ¶ 1). Thus, this Court has no reason to apply Maryland substantive law. *See* 19 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4501 (2d ed.1994) (finding that federal courts do not apply state substantive law when the matter is governed by the Constitution or an Act of Congress). *Cf. United States v. Big D. Enterprises, Inc.,* 184 F.3d 924, 932 (8th Cir.1999) ("The application of state law to the assessment of punitive damages under the [Fair Housing Act] would yield inconsistent results between the states and thwart the evenhanded application of the FHA's anti-discrimination provisions."). Second, plaintiff does not plead personal injury as a basis for recovery. Plaintiff merely alleges that Ms. Gutierrez's supervisor's harassment included "engaging in physically threatening and injurious conduct," as well as various other actions that created a hostile work environment and resulted in adverse employment actions. (Paper No. 1, ¶¶ 9, 10). Plaintiff seeks recovery for employment discrimination, not personal injury; thus defendant's reliance on Md.Code § 10–913 is misplaced.

■ Defendant then cites federal law, *Blount* and *Rupe,* to support its claim that the production of financial data is premature absent a finding of liability against EDS.[1] (Paper No. 20, 2). Neither case lends meaningful support to defendant's position.

In *Blount,* a personal injury diversity case, the Eastern District of North Carolina applied North Carolina law to hold that the defendants did not have to produce financial records until after the Court ruled on their motion to dismiss and summary judgment motion as to the punitive damages claim. 162 F.R.D. at 105. In so holding, the Court was apparently relying on North Carolina state law. *Id.*

In *Rupe,* a case alleging violation of federal civil rights and fair housing laws and Ohio law, the Southern District of Ohio held that discovery on punitive damages was unnecessary at that point in the litigation. 532 F.Supp. at 350–51. Unlike the posture of this case, the Court chose to bifurcate the case, first determining liability, and second reaching the issue of punitive damages only if liability was established. *Id.* Although Rupe could be construed to support EDS's position, this Court finds the decision distinguishable due to the bifurcation order in the case. Moreover, *Rupe* represents a minority view on the question.

There is no controlling Fourth Circuit authority on this question. However, as plaintiff correctly states, a majority of courts hold that pretrial discovery of financial statements relevant to a punitive damages claim is generally permissible without any prima facie showing of entitlement to such damages. *See, e.g., United States v. Matusoff Rental Co.,* 204 F.R.D. 396, 399 (S.D.Ohio 2001) ("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover such damages."); *Christy v. Ashkin,* 972 F.Supp. 253, 253–54 (D.Vt.1997) ("[T]he vast majority of federal district courts which have addressed the discoverability of financial information before a claim for punitive damages has been clearly established have held that such information is discoverable."); *EEOC v. Klockner H & K Machines, Inc.,* 168 F.R.D. 233, 236 (E.D.Wis.1996) ("The defendant's contention that the plaintiff needs to make a prima facie showing of entitlement to punitive damages in order to gain access to the defendant's financial information is not adequately supported by the case law."); *Caruso v. Coleman Co.,* 157 F.R.D. 344, 348 (E.D.Pa.1994) ("[W]hen puni-

---

1. Defendant also cites *Davis v. Ross,* 107 F.R.D. 326, 327 (S.D.N.Y.1985), apparently to support its claim that Maryland Code § 10–913 prohibits discovery of Plaintiff's financial statements. (Paper No. 20, 2). In any case, Davis dealt with state law and has no bearing on defendant's case.

*See Davis v. Ross,* 107 F.R.D. at 327 ("[T]he rule in New York is that evidence of defendant's wealth can not be brought out upon trial unless and until the jury brings in a special verdict that plaintiff is entitled to punitive damages against defendant.").

tive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery *without* requiring a prima facie showing of punitive damages to justify the discovery.") (emphasis in original); *Renshaw v. Ravert,* 82 F.R.D. 361, 363 (E.D.Pa.1979) ("[W]hen a plaintiff seeks punitive damages, the defendant's financial status becomes a relative consideration."); *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 140 (W.D.Okla.1977) ("Where punitive damages are claimed, it has been generally held that the defendant's financial condition is relevant to the subject matter of the action and is thus a proper subject of pretrial discovery.").

A minority of courts have held that pretrial discovery of financial statements relative to a punitive damages claim requires some showing of entitlement to such damages, but these courts almost uniformly have required less than a prima facie showing. *See, e.g., Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D.Kan.1990) (holding that "plaintiff need not establish a prima facie case on the issue of punitive damages . . . it is sufficient for plaintiffs to show that his claim is not spurious in order to be entitled to discovery of defendant's financial condition"); *Vivino v. Everlast Sporting Goods Mfg. Co., Inc.,* 1987 WL 17571, *1 (E.D.Pa.1987) (noting that plaintiff seeking punitive damages was entitled to defendant's financial information because he had shown conduct of the defendant "sufficiently outrageous" to prove his claim was "genuine and not merely a pretext for unwarranted discovery"); *Vollert v. Summa Corp.,* 389 F.Supp. 1348, 1351 (D.Haw.1975) (finding, in a diversity case, that pretrial discovery of financial records was proper where plaintiff had shown that his punitive damages claim was "not spurious").

Relying on the significant authority discussed above, this Court holds that pretrial discovery of financial statements relevant to a punitive damages claim is generally permissible without any prima facie showing of entitlement to such damages. Because plaintiff EEOC has filed under Section 706 of the Civil Rights Act and alleged discrimination prohibited under Sections 703 and 404, EEOC may recover punitive damages against defendant EDS if EEOC demonstrates that EDS engaged in discrimination with malice or reckless indifference to Ms. Gutierrez's rights.[2] Civil Rights Act, 42 U.S.C. § 1981a (1991). EEOC's complaint sets out specific facts, which if believed, could constitute malicious and reckless conduct entitling plaintiff to punitive damages. There is nothing spurious, that is, false or inauthentic about the recitation of facts; thus, this case presents no basis for an exception to the general rule of discovery of financial documents in the ordinary course.

Accordingly, plaintiff EEOC's request is hereby GRANTED, and defendant EDS is ORDERED to produce the documents requested in Document Production Request No. 19, subject to an agreed protective order, within five (5) days of this Order.

**2.** Defendant correctly cites *Kolstad v. American Dental Ass'n* for the proposition that Title VII does not automatically entitle a claimant to punitive damages. 527 U.S. 526, 536–37, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). Instead, as *Kolstad* noted, the statute only permits recovery of punitive damages if the defendant acted with malice or reckless indifference, terms that "ultimately focus on the actor's state of mind." *Id.* at 535, 119 S.Ct. 2118. As *Kolstad* dealt with the circumstances under which punitive damages may be awarded, not pretrial discovery of financial statements, it has no direct impact on the case at hand. *Id.* at 530, 119 S.Ct. 2118.