Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DR. JUAN CRISTIAN PÉREZ OLMOS<br><br>Recurrido<br><br>v.<br><br>MAYAGÜEZ MEDICAL CENTER, DR. RAMÓN EMETERIO BETANCES, INC.<br><br>Peticionario | KLCE202400431 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso número: MY2022CV000709<br><br>Sobre: DISCRIMEN POR ORIENTACIÓN SEXUAL, ORIGEN NACIONAL Y RAZA DESPIDO INJUSTIFICADO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante *nos*, Mayagüez Medical Center Dr. Ramón Emeterio Betances, Inc. (Mayagüez Medical Center o peticionario) y nos solicita que revisemos y revoquemos la *Resolución* emitida el 11 de marzo de 2024, notificada el 15 de marzo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la solicitud de descubrimiento de prueba de los estados bancarios del Dr. Juan C. Pérez Olmos (Dr. Pérez Olmos o recurrido).

Por los fundamentos que expondremos a continuación, *expedimos* el recurso de *certiorari* y revocamos la *Resolución* recurrida.

**I.**

Surge del expediente ante *nos* que, el 17 de mayo de 2022, el Dr. Pérez Olmos presentó una *Demanda* sobre discrimen por orientación sexual, origen nacional y raza, despido injustificado,

represalias, acoso laboral, daños físicos, daños, sufrimientos y angustias mentales en contra del Mayagüez Medical Center. Posteriormente, el 17 de mayo de 2022, el Dr. Pérez Olmos presentó una *Demanda Enmendada*. Oportunamente, el 17 de julio de 2022, la parte peticionaria presentó una *Contestación a Demanda Enmendada.*

Luego de varios incidentes procesales, innecesarios pormenorizar, el 29 de noviembre de 2023, la parte recurrida presentó una *Moción Solicitando Se Autorice Enmendar la Demanda.* Dicha solicitud para enmendar la demanda se basó en asuntos concernientes a la presunta condición económica de la parte recurrida. Así las cosas, el 4 de diciembre de 2023, el TPI emitió una *Resolución* mediante la cual permitió la segunda enmienda a la demanda. Ese mismo día, el recurrido presentó una segunda *Demanda Enmendada.* El 26 de diciembre de 2023, la parte peticionaria presentó una segunda *Contestación a Demanda Enmendada.*

Así, el 16 de enero de 2024, el Mayagüez Medical Center presentó una *Moción Informativa y para que se Ordene a Descubrir lo Solicitado Tras Haber Agotado los Esfuerzos Requeridos por la Regla 34.1 de Procedimiento Civil.* En ajustada síntesis, la parte peticionaria solicitó que se le ordenara al Dr. Pérez Olmos a producir sus cuentas bancarias. Arguyó que la reclamación amerita el descubrimiento de prueba de los estados bancarios, porque la condición económica del recurrido está en controversia.

Consecuentemente, el 17 de enero de 2024, la parte recurrida presentó una *Moción para que se Deniegue de Plano la Solicitud de Orden.* El 18 de enero de 2024, la parte peticionaria presentó una *Réplica a Moción para que se Deniegue de Plano la Solicitud de Orden.* Más adelante, el 24 de enero de 2024, el TPI emitió una *Orden*

mediante la cual ordenó, al Dr. Pérez Olmos, entre otras cosas, a producir sus estados bancarios para los años 2021, 2022 y 2023. Acto seguido, el 29 de enero de 2024, el recurrido presentó una *Moción de Reconsideración [...].*

El 12 de febrero de 2024, la parte peticionaria presentó una *Moción en Cumplimiento de Orden y en Oposición a Reconsideración [...].* Luego de que las partes presentaran varios escritos en oposición, el 11 de marzo de 2024, el TPI emitió una *Resolución,* notificada el 15 de marzo de 2024, mediante la cual reconsideró la *Orden* emitida el 24 de enero de 2024 y, en consecuencia, declaró *No Ha Lugar* la producción de los estados bancarios del Dr. Pérez Olmos.

En desacuerdo, el 15 de abril de 2024, la parte peticionaria compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión del siguiente error:

> **Erró el Honorable Tribunal de Primera Instancia al revertir en reconsideración su dictamen del 24 de enero de 2024 mediante el cual había ordenado la producción de los estados bancarios del Dr. Pérez Olmos para los años 2021, 2022 y 2023.**

Examinado el recurso ante nuestra consideración, el 18 de abril de 2024 emitimos una *Resolución* concediéndole un término de veinte (20) días a la parte recurrida para que presentara su posición al recurso. El 6 de mayo de 2024, la parte recurrida presentó una *Moción en Cumplimiento de Orden.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 2023 TSPR 65, 212

DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros*, 2023 TSPR 145, 213 DPR __ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con

cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra*. Véase, además, *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. Descubrimiento de Prueba**

Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes "descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio". *Rivera Durán v. Banco Popular de P.R.*, 152 DPR 140, 151-152 (2000). El fin práctico de esos mecanismos, es que las partes tengan derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. Así pues, el esquema adoptado por nuestras reglas deja en manos de los abogados y abogadas el trámite del descubrimiento, para así fomentar una mayor flexibilidad y cooperación entre las partes. *Lluch v. España Service Sta., supra.*

Asimismo, las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia,

(2) obtener evidencia para ser utilizada en juicio, evitando así sorpresa en esta etapa de los procedimientos, (3) facilitar la búsqueda de la verdad y (4) perpetuar la evidencia. Véase, *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* En otras palabras, lo que se busca es permitir que las partes puedan prepararse para el juicio, de forma que tengan la oportunidad de obtener evidencia necesaria para evaluar y resolver las controversias de su caso.

Es importante señalar que, si bien es cierto que nuestro máximo Foro ha interpretado que el mecanismo de descubrimiento de prueba debe ser amplio y liberal, también ha reconocido que éste no es ilimitado o irrestricto. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 391 (2021). Sobre el particular, la Regla 23.1 de Procedimiento Civil (32 LPRA Ap. V) dispone lo siguiente:

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:
>
> (a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible [...].

Cónsono con lo anterior, nuestra última instancia judicial ha reconocido dos limitaciones al descubrimiento de prueba. Estos son, que la información objeto del descubrimiento de prueba no sea privilegiada y que la misma sea pertinente a la controversia. *Rivera Durán v. Banco Popular de P.R., supra.* Véase, además, *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 730-731 (1994); *Ortiz*

*Rivera v. E.L.A., National Ins. Co*, 125 DPR 65, 70 (1989); *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 38-39 (1986).

En sintonía con esto, el concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *General Electric v. Concessionaires, Inc., supra*. Así pues, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia. Íd. No obstante, esto no significa que el ámbito del descubrimiento de prueba sea ilimitado.

El concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales: lograr la solución de las controversias de forma justa, rápida y económica. *General Electric v. Concessionaires, Inc., supra*. A tono con lo anterior, se ha resuelto que no procede el descubrimiento de información relacionada con la condición económica de los demandados en casos de daños y perjuicios. Íd., citando a *Rupe v. Fourman*, 532 F. Supp. 344 (D.C. Ohio 1981); *Johnson v. W.H. Stewart Co.*, 75 F.R.D. 541 (D.C. Okla. 1976).

Además, se ha resuelto que cuando la condición económica de la parte no es un elemento de la reclamación o se estipuló la suficiencia de dicha situación económica, tampoco procede ese descubrimiento. *General Electric v. Concessionaires, Inc., supra*, pág. 706, citando a *Calderwood v. Calderwood*, 327 A.2d 704, 706 (N.H. 1974).

En *Rodríguez v. Scotiabank de P.R.*, 113 DPR 210 (1982), nuestro Tribunal Supremo estableció que, aunque exista la requerida pertinencia, el derecho a la intimidad que nuestra Constitución reconoce, exige que se proteja al promovido, en palabras de la Regla 23.2 de Procedimiento Civil, contra la opresión,

el hostigamiento, la perturbación, las molestias o los gastos indebidos. Es decir, solo se debe hacer disponible la información estrictamente pertinente. *General Electric v. Concessionaires, Inc.*, *supra*. El método de descubrimiento puede alterarse. Íd. Aun puede prohibirse el descubrimiento cuando los fines de la justicia claramente lo requieran. Íd. Así pues, la acción a tomar dependerá de las circunstancias particulares de cada caso. Íd.

No obstante, lo anterior, el descubrimiento de prueba relacionado con la condición económica de alguna de las partes no deberá permitirse, excepto cuando dicha condición este en controversia y aun en esas circunstancias el tribunal podrá limitarlo a aquello que sea estrictamente necesario. *General Electric v. Concessionaires, Inc., supra.*

Así, debemos recordar que los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *Cruz Flores et al. v. Hosp. Ryder et al., supra.* Por esa razón, este Tribunal de Apelaciones no debe intervenir con dicha discreción; salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Rivera Durán v. Banco Popular de P.R., supra*, págs. 154-155.

**III.**

En síntesis, la parte peticionaria aduce que erró el foro *a quo* al revertir en reconsideración su dictamen del 24 de enero de 2024, mediante el cual había ordenado la producción de los estados bancarios del Dr. Pérez Olmos para los años 2021, 2022 y 2023. Indicó, además, que las alegaciones presentadas por la parte recurrida ponen su condición económica en controversia, pues este

sostiene que se atrasó en el pago de sus préstamos estudiantiles cuando el Mayagüez Medical Center no le renovó el contrato como médico residente en junio de 2020, provocándole que el interés aumentara a un 17%. Añadió que, aun cuando el recurrido haya producido sus planillas de contribución sobre ingresos, ello resulta insuficiente puesto que las planillas se limitan a ilustrar los ingresos de cada año, más no así su flujo de efectivo y la habilidad o inhabilidad del Dr. Pérez Olmos en efectuar los pagos de su préstamo estudiantil.

Por su parte, el recurrido adujo que no se justifica una intromisión en su intimidad debido a que la parte peticionaria ya tiene la información de su condición económica y de la presunta falta de mitigación de daños, mediante otra documentación provista en el caso. Agregó que, el TPI actuó correctamente al denegar la solicitud de descubrir sus estados bancarios.

Según el derecho que antecede, nuestro máximo Foro ha reconocido dos limitaciones al descubrimiento de prueba y estas son, que la información objeto del descubrimiento de prueba no sea privilegiada y que la misma sea pertinente a la controversia. *Rivera Durán v. Banco Popular de P.R.*, *supra*. Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia. *General Electric v. Concessionaires, Inc.*, *supra*. Sin embargo, esto no significa que el ámbito del descubrimiento de prueba sea ilimitado. Íd.

Con relación a la controversia que nos atañe, el Tribunal Supremo ha establecido que el descubrimiento de prueba relacionado con la condición económica de alguna de las partes no deberá permitirse, excepto cuando dicha condición este en controversia y aun en esas circunstancias el tribunal podrá limitarlo

a aquello que sea estrictamente necesario. *General Electric v. Concessionaires, Inc., supra.*

En las circunstancias particulares del caso ante *nos*, lo prudente es inclinar la balanza en favor del descubrimiento de prueba solicitado por la parte peticionaria. Esto, pues según surge de las alegaciones de la segunda *Demanda Enmendada* debido a las presuntas acciones de la parte peticionaria, el Dr. Pérez Olmos se atrasó en el pago de sus préstamos estudiantiles lo que causó que los intereses del préstamo aumentaran aproximadamente a un 17% de interés. Es decir, surge de la causa de acción presentada que el recurrido puso en controversia su condición económica.

Por lo tanto, tomando en consideración que la solicitud de descubrimiento de prueba que presentó la parte peticionaria está relacionada con la materia que es objeto del pleito y que no constituye materia privilegiada, procede su descubrimiento. No debemos pasar desapercibido que, fue el propio Dr. Pérez Olmos quien puso su condición económica en controversia y dicha solicitud, no constituye una violación a su derecho a la intimidad. Ese descubrimiento, además de ser pertinente y no privilegiado, no constituye hostigamiento, perturbación, ni molestias indebidas.

Sin embargo, tomando en consideración que en la *Moción Informativa y para que se Ordene a Descubrir lo Solicitado Tras Haber Agotado los Esfuerzos Requeridos por la Regla 34.1 de Procedimiento Civil*, que presentó la parte peticionaria ante el TPI no especificó cuáles estados bancarios deseaba descubrir, se ordena al Mayagüez Medical Center a que ponga en posición al foro *a quo* de cuales estados bancarios específicamente desea descubrir para que el TPI tenga la oportunidad de evaluarlo y de ser requerido, pueda limitarlo a aquello que sea estrictamente necesario.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y *revocamos* la *Resolución* emitida por el TPI el 11 de marzo de 2024.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones